UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROXANE LABORATORIES, INC., | |
| Plaintiff, | Civil Action No. 14-4042 (SRC) |
| v. | |
| CAMBER PHARMACEUTICALS INC. et al., | **OPINION & ORDER** |
| Defendants. | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the motion for judgment on the pleadings by Plaintiff Roxane Laboratories, Inc. ("Roxane"), seeking to dismiss Defendants' inequitable conduct counterclaim. For the reasons stated below, the motion will be denied.

On September 29, 2014, Defendants filed an Answer to the Amended Complaint, asserting four counterclaims. Roxane has moved for judgment on the pleadings on the third counterclaim, which seeks a declaratory judgment of unenforceability of the '032 patent by reason of inequitable conduct by a patentee in dealing with the USPTO. In short, Roxane contends that the Answer fails to plead sufficient facts to support a valid counterclaim for relief.

Pursuant to Federal Rules of Civil Procedure 12(h)(2) and 12(c), after the pleadings are closed, a party may file a motion for judgment on the pleadings to dismiss a claim for failure to state a claim upon which relief can be granted. The familiar legal standards of Rule 12(b)(6) apply. Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

"The substantive elements of inequitable conduct are: (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a

material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009). Also, "a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." Id. at 1328-1329.

In brief, the counterclaim alleges facts involving a declaration submitted to the USPTO during prosecution by patent applicant Dr. Uraizee, as part of an attempt to overcome an obviousness rejection. The counterclaim alleges that "Dr. Uraizee made material misrepresentations and misleading statements with the intent to deceive the USPTO into granting a patent." (Answer at 6 ¶ 3.) Roxane contends that the counterclaim fails to state a valid claim based on two arguments: 1) the evidence shows that Dr. Uraizee's statements to the USPTO were well-substantiated; and 2) the PTO had available to it all the relevant facts from which it could assess the truth of Dr. Uraizee's statements.

Plaintiff's arguments cannot succeed because they rely on facts outside the pleadings. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Arguments based on evidence outside the pleadings cannot succeed on a motion to dismiss, since the allegations in the pleadings are assumed to be true. Arguments based on matters outside the pleadings – such as what information the USPTO had in its possession – also cannot succeed, for the same reason. These

2

are arguments that might be made at summary judgment or trial, but not at this stage.

Roxane also argues that the counterclaim does not plead facts "showing" that the alleged statements about capsule size were material. (Pl.'s Br. 9.) Roxane misstates the applicable standard – the pleader need not plead facts which *show* materiality; rather, under Twombly, the factual allegations need only "raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965. Thus, the counterclaim here need only plead facts which make plausible the assertion of materiality, and this Court finds that the counterclaim meets this standard. Moreover, "[w]hen the patentee has engaged in affirmative acts of egregious misconduct, such as the filing of an unmistakably false affidavit, the misconduct is material." Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276, 1292 (Fed. Cir. 2011). The counterclaim alleges that the applicant filed an unmistakably false affidavit.

Roxane next argues that the counterclaim does not plead sufficient facts to support an inference of specific intent to deceive the PTO, but relies on matter outside the counterclaim. Again, to state a valid claim, the claim for relief need only be "plausible *on its face*." Twombly, 127 S. Ct. at 1974 (italics added).

This Court finds that the counterclaim alleges sufficient facts to make plausible an inequitable conduct counterclaim. The motion for judgment on the pleadings on the counterclaim will be denied. To the extent that Roxane seeks on this motion to strike Defendants' affirmative defense to patent infringement of inequitable conduct, that will be denied as well.

For these reasons,

**IT IS** on this 29th day of April, 2015 hereby

**ORDERED** that Plaintiff's motion for judgment on the pleadings on the counterclaim (Docket Entry No. 149) is **DENIED**.

   s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.
