UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROXANE LABORATORIES, INC., | |
| Plaintiff, | Civil Action No. 14-4042 (SRC) |
| v. | |
| CAMBER PHARMACEUTICALS INC. et al., | **OPINION & ORDER** |
| Defendants. | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the motion for summary judgment of no inequitable conduct, pursuant to Federal Rule of Civil Procedure 56, by Plaintiff Roxane Laboratories, Inc. ("Roxane"). For the reasons stated below, the motion will be denied.

The Amended Answer filed by Defendants Camber Pharmaceuticals Inc. and Invagen Pharmaceuticals Inc. (collectively, "Defendants") asserts as an affirmative defense that the '032 patent is unenforceable due to inequitable conduct. (Am. Answer, affirm. defenses ¶ 3.) The Amended Answer also asserts a counterclaim seeking a declaratory judgment that the '032 patent is unenforceable due to inequitable conduct. (Am. Answer, counterclaim III.) Both the affirmative defense and the counterclaim rely on the allegation that applicant "Dr. Uraizee made material misrepresentations and misleading statements with the intent to deceive the USPTO into granting a patent." (Am. Answer, affirm. defenses ¶ 3.) Plaintiff now seeks summary judgment that Defendants cannot prove the alleged inequitable conduct.

This motion must be denied because it is premature. Fact discovery has not been

completed, but it is already clear that there will be a battle of the experts on this issue;[1] the parties have not yet had the opportunity to depose the experts. Crucially, Dr. Uraizee has not yet been deposed. This motion cannot be decided before this essential evidence has been developed.

In reply, Plaintiff argues that, *inter alia*, Defendants have failed to show how the deposition of Dr. Uraizee is essential to justify their opposition. This is not persuasive. "The substantive elements of inequitable conduct are: (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009). Given that questions of Dr. Uraizee's specific intent are essential to the issue of inequitable conduct, the opportunity to question her is crucial to developing the facts to support or oppose judgment.

"The court must give a party opposing summary judgment an adequate opportunity to obtain discovery." Radich v. Goode, 886 F.2d 1391, 1393 (3d Cir. 1989). Federal Rule of Civil Procedure 56(d) states:

> When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>   (1) defer considering the motion or deny it;
>   (2) allow time to obtain affidavits or declarations or to take discovery; or
>   (3) issue any other appropriate order.

Defendants have shown that they have not had an adequate opportunity to obtain discovery, and

---

[1] In arguing for summary judgment, Plaintiff relies on the declaration of its expert, Dr. McConville, as evidence that Dr. Uraizee's statements were not false. Defendants have not yet had an opportunity to question Dr. McConville.

that, given the current early stage of discovery, they cannot now present facts essential to justify their opposition of the motion for summary judgment. Pursuant to Federal Rule of Civil Procedure 56(d), the motion for summary judgment will be denied without prejudice, and may be renewed after the close of discovery.

For these reasons,

**IT IS** on this 6th day of August, 2015 hereby

**ORDERED** that Plaintiff's motion for summary judgment of no inequitable conduct (Docket Entry No. 193) is **DENIED** without prejudice.

                                                                s/ Stanley R. Chesler
                                                     Stanley R. Chesler, U.S.D.J.