## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                               :

ROXANE LABORATORIES, INC.,    :
                               :

       Plaintiff,            :       Civil Action No. 14-4042 (SRC)
                               :

             v.              :             **OPINION**
                               :

CAMBER PHARMACEUTICALS INC.  :
et al.,                               :

       Defendants.         :
_____:

## CHESLER, U.S.D.J.

This matter comes before the Court on the motion by Plaintiff Roxane Laboratories, Inc. ("Roxane") for entry of final judgment of non-infringement, pursuant to Federal Rule of Civil Procedure 54(b).  For the reasons stated below, the motion will be granted.

On August 26, 2015, this Court filed a stipulated Order which entered a judgment by consent of non-infringement of U.S. Patent No. 8,563,032.  Roxane moves for entry of a final judgment of non-infringement, pursuant to Rule 54(b), which states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Roxane contends that there is no just reason to delay entry of a final judgment of non-infringement.  Roxane states that the remaining issues in the case are entirely separate from the issue of non-infringement.

Defendants Camber Pharmaceuticals, Inc. and Invagen Pharmaceuticals, Inc. (collectively, "Defendants") do not dispute that the remaining issues are separate from the issue

of non-infringement.  Instead, Defendants argue that this Court should defer entry of final judgment until it has decided the motion for attorneys' fees, so that appeals on the two issues can be heard in one proceeding, rather than two.  This is not persuasive, because it is true whenever a Rule 54(b) motion is filed: there is always a pending issue, and certification of one issue prior to resolution of all the issues in a case necessarily risks a result of two appeals rather than one.  If this argument carried the day, no Rule 54(b) motion would ever be granted.

Oddly, Defendants rely on Rule 58(e), which states: "Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees." Defendants point to an advisory committee note to this rule subsection which indicates that the court may delay entry of judgment so that it may address the fee question before an appeal is taken.  It appears that, while this Court has the discretion to delay entry of judgment, the ordinary course is not to do so.

The Supreme Court has articulated the fundamental principles of Rule 54(b) as follows:

Nearly a quarter of a century ago, in *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956), this Court outlined the steps to be followed in making determinations under Rule 54 (b). A district court must first determine that it is dealing with a "final judgment."  It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."  351 U.S., at 436.

Once having found finality, the district court must go on to determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher."  *Id.*, at 435.  It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. *Ibid.* This discretion is to be exercised "in the interest of sound judicial administration."  *Id.*, at 437.

Thus, in deciding whether there are no just reasons to delay the appeal of

individual final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." *Id.*, at 438. It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980). See also W.L. Gore & Assocs. v. Int'l Med. Prosthetics Research Assocs., 975 F.2d 858, 862 (Fed. Cir. 1992) (applying Curtiss-Wright to appeal of a Rule 54(b) decision.)

Applying Curtiss-Wright to the instant case, there is no dispute that there has been a final determination of an individual claim entered in the course of a multiple claims action. The only question is whether there is any just reason to delay its appeal. Defendants ask that this Court delay so that the non-infringement decision and the pending motion for fees may be appealed together. This does not appear to be what the Supreme Court had in mind in Curtiss-Wright. In Curtiss-Wright, the Supreme Court focused on the issue of whether granting the motion would result in the Court of Appeals having to decide the same issue twice.

In the instant case, the non-infringement decision and the fee issues have little overlap, if any. To the extent that they are related, the non-infringement decision serves as a predicate for the fee decision. Defendants' fee motion relies on this Court's claim construction decision to argue that Plaintiff's infringement claims were frivolous. Because of this, it makes sense to allow the appeal of the non-infringement decision, which flowed from that claim construction, prior to an appeal of the exceptional case motion: if the Federal Circuit vacates this Court's claim construction decision, Defendants' frivolousness argument loses an important predicate.

3

Granting the Rule 54(b) motion thus makes for more efficient use of the judicial resources of the appellate court.  Furthermore, if the Rule 54(b) motion is granted, the Court of Appeals will not have to decide the same issue twice.

There is no just reason to delay the entry of a final judgment on the issue of non-infringement.  The motion for entry of final judgment will be granted.

s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

Dated: September 9, 2015